## GENERAL BAKING COMPANY
vs.
## HYMAN KAPLAN (a.k.a. HYMAN I. KAPLAN)

Court of Common Pleas     Hartford County     File #35988

Present: Hon. ABRAHAM S. BORDON, Judge.

Robinson, Robinson & Cole,     Attorneys for the Plaintiff.

Simon Bernstein,     Attorney for the Defendant.

### MEMORANDUM FILED NOVEMBER 30, 1936.

BORDON, J. The plaintiff is seeking, by injunction, to restrain the defendant from selling food products to its customers on a route owned and developed by it, to which the defendant had been assigned when he entered its employ. At that time he signed a contract containing the following provision:

> "Neither directly nor indirectly, either as an individual or as an associate, partner or employee of any individual, firm or corporation, to carry on or be engaged in or in any manner concerned with or interested in the sale, solicitation for sale, or distribution of products that are competitive to those of the Company, for a period of six months after the termination of his employment, in any territory or on any route served by him during any part of the six months immediately preceding the termination of his employment with the Company."

Another provision in the contract requires the plaintiff to give the defendant two weeks' notice in case of dismissal, unless the dismissal is due to inefficiency.

The defendant now claims that because the plaintiff dismissed him without the required notice, it has forfeited its rights, under the contract, to obtain injunctive relief. The plaintiff claims that the dismissal was due to inefficiency and, therefore, required no notice. It further claims that about three weeks before he was dismissed he was told that unless he brought his route up to $150 a week by October 1st, 1936, he would be "let go" and that this constituted the required notice.

It is conceded that the restraining provision in the contract is a reasonable one, and necessary for the protection of the plaintiff's business. **Styles vs. Lyon, 87 Conn. 23; Milaneseo vs. Calvanese, 92 Conn. 461; Roessler vs. Burwell, 119 Conn. 289.**

The important question, therefore, is whether the plaintiff breached its contract, and if it did so, whether it is entitled to the Court's assistance in enforcing a part of it.

The defendant has cited numerous authorities holding that where an employee is dismissed without notice, it acts as a bar against the enforcement of the restraining clause. In most cases, however, where this course is followed, the employer is guilty of fraud or bad faith. This cannot be said of the plaintiff in the instant case. Through its agents, it endeavored to assist the defendant in improving his route so that he might retain his position.

Nor can the Court find that the defendant was inefficient; the income from his route varied very little during the seven months of his employment, and, if he was inefficient in September of 1936, he was equally inefficient in March or April. The receipts from his route ran uniformly between $130 and $140 a week, and although, under the high pressure requirements of the plaintiff, the defendant failed to meet its standard of efficiency, the Court is, nevertheless, unwilling to brand him as inefficient on the basis of the evidence submitted.

The Court, therefore, holds that the defendant was entitled to the notice, and the failure to give it to him constituted a breach of contract on the part of the plaintiff. The Court cannot, however, go along with the defendant's claim that this breach prevents the plaintiff from enforcing the restraining provision. The route which the defendant served was owned and developed by the plaintiff. It would be unjust

and inequitable to permit him to appropriate it to his own use and benefit simply because the plaintiff mistakenly failed to give him the required notice.   The Court prefers to follow the cases which give the plaintiff injunctive relief, and, at the same time, protect the defendant against money loss caused by the breach.

According to the evidence, the defendant averaged about $25.00 a week.

It is therefore ordered that the second and third claims made by the plaintiff in its complaint be granted.

It is further ordered that judgment be entered in favor of the defendant to recover from the plaintiff the sum of $50.00.